

# NUMBER 13-20-00190-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SEAN RODRIGUEZ OSBORN,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

### On appeal from the 216th District Court
### of Kerr County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Sean Rodriguez Osborn appeals his conviction of two counts of

aggravated assault of a public servant, with a deadly weapon finding, a first-degree felony

offense.[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B). The jury sentenced Osborn to

---

[1] This cause was tried to the jury along with three other charged offenses. Those offenses include, appellate cause number 13-20-00189-CR, which is for possession of a controlled substance, and two other

concurrent terms of twenty years' confinement. Osborn's court-appointed attorney has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.[2]

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, Osborn's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Osborn's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Osborn's counsel has also informed this Court that Osborn has been (1) notified that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided with copies of both pleadings; (3) informed of his rights to file a pro se response,

_____

causes not before this Court and not at issue in this appeal.

[2] The Fourth Court of Appeals in San Antonio, Texas transferred this cause to our Court pursuant to a docket equalization order from the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; and (4) provided with a form motion for pro se access to the appellate record with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Osborn has not filed a pro se response.[3]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Osborn's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Osborn and to advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
28th day of October, 2021.

---

[4] No substitute counsel will be appointed. Should Osborn wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.